(91 Misc. Rep. 148)

GOLDMUNTZ v. SPITZEL et al.

(Supreme Court, Special Term, New York County.   January, 1915.)

1. BILLS AND NOTES &117—CONSTRUCTION AND OPERATION—WHAT LAW GOVERNS—FOREIGN CONTRACT.
   A bill of exchange, drawn, accepted, and made payable in the kingdom of Belgium, wherein all the parties to the bill resided at the time of the transaction, is a Belgian contract, the performance of which is wholly governed by Belgian Laws.
   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 248–254; Dec. Dig. &117.]

2. BILLS AND NOTES &117—CONSTRUCTION AND OPERATION—WHAT LAW GOVERNS.
   An action cannot be maintained in this state on a bill of exchange drawn, accepted, and made payable in Belgium, where all the parties resided, the due date of which has been indefinitely postponed by a moratorium decree promulgated because of an existing state of war, although the parties are accidentally within the jurisdiction, since for the purposes of an action in another jurisdiction the lex loci solutionis is to be given identical effect, subject only to the inquiry whether the enforcement of the foreign law would be repugnant to natural justice or offensive to good morals.
   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 248–254; Dec. Dig. &117.]

3. BILLS AND NOTES &117—CONSTRUCTION `AND OPERATION—WHAT LAW GOVERNS—FOREIGN MORATORIUM DECREE.
   A moratorium decree of a foreign country, which extends the due date of commercial paper because of disruption of a nation's business system

---

&For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by active warfare, is not repugnant to natural justice or offensive to good morals, within the rule that a foreign law will be given effect, unless opposed to natural justice or good morals.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 248–254; Dec. Dig. ☞117.]

Action by Michael. Goldmuntz against Sam Spitzel and another, doing business as Sam Spitzel & Co., upon a bill of exchange. Plaintiff's demurrer overruled, and judgment for defendants, with leave to plaintiff to withdraw demurrer.

Samuel Blumberg, of New York City, for plaintiff.
Samuel I. Frankenstein, of New York City, for defendants.

ERLANGER, J. [1] To an action upon a bill of exchange, drawn by the plaintiff to his own order and accepted by the defendants, a defense is interposed to the effect that the bill was drawn, accepted, and made payable in the kingdom of Belgium, wherein all the parties at the time of the transaction resided and did business, and that by virtue of certain decrees of "moratorium" promulgated in Belgium as laws of that kingdom on and after the 1st day of August, and before the maturity of the instrument in suit, the due dates of all negotiable instruments were postponed and extended indefinitely. It further appears that this decree was promulgated because of an existing state of war between the kingdom of Belgium and the empire of Germany, and was in force at the time of the commencement of the action. Upon the facts presented by these pleadings, there can be no doubt that this was a Belgian contract, wholly covered by Belgian laws relating to its performance.

[2] The substantial rights of the parties in the adjustment of their contract relations, which they had assumed under a foreign law, cannot be affected by the accident that the defendants were found within the jurisdiction of this court, and that the plaintiff deemed it convenient to sue them here. While counsel for the plaintiff suggests in his brief that the parties are domiciled in New York and have their property with them, such is not the recital of this record. The "moratorium" decrees affected the obligation to pay and went to the subject-matter of the contract. These defendants certainly could not have been sued with success in Belgium, and for the purposes of an action in another jurisdiction the lex loci solutionis is to be given identical effect, subject only to the inquiry whether the enforcement of the foreign law would be repugnant to natural justice or offensive to good morals. Brown v. Am. Finance Co. (C. C.) 31 Fed. 516; Greenwood v. Curtis, 6 Mass. 358, 4 Am. Dec. 145.

[3] A law which extends the due date of commercial paper to meet an extraordinary situation, such as the disruption of a nation's business system by active warfare, does not fall within that category. The parties to this action contracted with regard to laws which, in the exercise of sovereign right, might be so changed as to impair the obligation of the contract. Had they made their agreement under our laws, they could have had the protection of our constitutional provi-

sions against legislation of that character; but the policy of our fundamental law in thus regulating transactions in this country is not to be impressed upon foreign contracts made under laws deemed best suited to inhabitants of another nation. A comparison of laws in this instance does not present a case of a foreign law opposed to natural justice or good morals. The question is mainly one of political and geographical conditions. In this country a moratorium law has not been found exigent. In the situation of Belgium our citizens might have become impressed with the necessity for such legislation, and have so framed the Constitution as to facilitate its enactment in an emergency. Upon the general subject of the availability of the defense now pleaded on the same state of facts, when set up in action upon foreign contract, the case of Roquette v. Overman, L. R. 10 Q. B. 525, is instructive and affords persuasive authority in favor of the defendants.

My determination of the issues of law must proceed upon the record before me, and I cannot consider the contents of a paper submitted by the plaintiff after the argument as tending to show that the decree of moratorium differed from the admitted allegations of this defense. I conclude that the demurrer should be overruled, and that the defendants should have judgment accordingly, pursuant to the stipulation of the parties, with leave to plaintiff to withdraw demurrer upon payment of costs before notice of trial and motion costs within 20 days.

Ordered accordingly.